## WALLACE ET AL. *vs.* GWIN.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

The law is well settled, *that a presentment for payment,* at the place where a note is made payable, must be made within the business hours, according to the usages of the place of payment.

So, where a note was made payable at the Mechanics' and Traders' Bank, but was deposited in the Canal Bank for collection, and not presented at the place of payment during banking hours, and no attempt to demand payment until after the usual banking hours: *Held,* that the endorser was thereby discharged.

This is an action against the payee and endorser of a promissory note. The note was made payable at the Mechanics' and Traders' Bank in New-Orleans, and lodged in the Canal Bank for collection. The notary states in his

protest, that "at the request of the cashier of the Canal Bank, he went several times to the Mechanics' and Traders' Bank, where the note was made payable, *in order to demand payment,* and found the *same shut;* the said note having been delivered to him for protest, *after three o'clock, P. M.,*" on the last day of grace.

The defendant pleaded a general denial, and set up several other matters of defence.

The case was submitted to a jury, with testimony relative to the custom of making demand of payment and protest of notes, and also the custom and hours of business of banks. The jury returned a special verdict as stated in the opinion of this court, and left it to the court below to decide on the legal consequence of the facts they had found, and to pronounce judgment.

A rule was taken on the defendant by plaintiff's counsel, to show cause why judgment should not be rendered for the plaintiffs on the verdict. The defendant showed cause ; and on the trial of the rule, the judge presiding gave judgment for the defendant. The plaintiffs appealed.

*Jones,* and *C. M. Conrad,* for the plaintiffs and appellants.

*Grymes,* contra.

*Bullard, J.,* delivered the opinion of the court.

This is an action by the holder against the endorser of a promissory note, made payable at the Mechanics' and Traders' Bank in New-Orleans, upon the usual allegations of demand and notice of non-payment.

The jury, sworn to try the case, found a special verdict. They found that the note was deposited in the Canal Bank for collection ; that no attempt was made to demand payment at the Mechanics' and Traders' Bank until after the usual banking hours, and when attempted to be made the bank was closed. They further found that it was not usual among the banks to deliver out notes to the notary, to make demand and protest, until three o'clock ; that the drawers were not at the bank on the day the note fell due, and made no offer to

pay, nor had they any funds there; and that the bank would not have paid even if they had had funds, without the special order of the drawers. The jury leaves the legal conclusion to the court.

If the court were not to look beyond the special verdict, it is manifest that the judgment would be without hesitation in favor of the endorser, because the jury has not found that any notice was given. But as all the evidence is before us, it is agreed by the parties, that we may take the whole case into consideration, and decide whether, independently of the special verdict, there is sufficient evidence in the record to bind the endorser.

The notary certifies in his protest, that he went several times to the bank where the note was made payable, in order to demand payment thereof, and found the same shut; the note having been delivered to him for protest after three o'clock, P. M. It is in evidence that all the banks in the city are closed at three o'clock, and this usage is undisputed.

The law is well settled, that a presentment for payment must be made within the business hours, according to the usages of the place where it is made payable. The authority of Chitty is explicit on this point. "A presentment for payment of a bill, says that author, payable on a day certain, should in all cases be made within a reasonable time before the expiration of the day when it is due; and if by the known custom of any particular place, bills are only payable within limited hours, a presentment there, out of those hours, would be improper. This rule extends also to a presentment out of the hours of business, to a person of a particular description, where by the known custom of the place all such persons begin and leave off business at stated hours; and, therefore, when a bill is accepted, payable at a banker's, it must be presented there before five o'clock, or the usual hour of shutting up their shop, and presentment afterwards will not entitle the notary to protest it." *Chitty on Bills*, 286.

*The law is well settled, that a presentment for payment, at the place where a note is made payable, must be made within the business hours, according to the usages of the place of payment.*

But it is contended that the jury has found in this case, that a usage prevails among the banks when notes are deposited for collection, payable in other banks, not to give

EASTERN DIST. them out to the notary, for presentment, until three o'clock.
·*April*, 1840. We do not so understand the verdict. The jury, it is true,

TOULMAN ET AL. find that it is the usage not to give out notes to the notary for
*vs.* presentment and protest, before three o'clock generally ; but
ELLIOTT ET AL. not that such is the usage when the note to be presented is
made payable at a particular bank. If that had been
expressly their verdict, it would not, in our opinion, have been

So, where a note sustained by the evidence in the record. As it relates to
was made paya-
ble at the Me- notes or bills not payable at a bank, the practice alleged has
chanics' and nothing in it inconsistent with the rights of the parties, for
Traders' Bank,
but was deposit- the demand may be made at any time during the last day of
ed in the Canal
Bank for collec- grace ; but a custom not to present a note payable at a par-
tion, and not ticular bank, until the bank is closed for the day, or in other
presented at the
place of payment words not to present it at all, is utterly repugnant to the well
during banking
hours, and no settled law of the land, in reference to which such contracts
attempt to de-
mand payment are entered into.
until after the
usual banking We conclude, therefore, that, whether we confine our
hours : *Held,* attention to the special verdict, or take into view all the evi-
that the endorser
was thereby dis- dence in the record, the plaintiffs have failed to show the
charged. liability of the defendant.

The judgment of the Commercial Court is, therefore,
affirmed, with costs.